IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Shannon Miles Lancaster, | ) | Civil Action No. 7:17-CV-01205-TMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Tony Woodward, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, a prisoner proceeding pro se and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. On June 14, 2017, Defendant filed a Motion to Dismiss Plaintiff's Complaint. (ECF No. 14). The court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the potential consequences if he did not respond adequately to Defendant's motion. (ECF No. 15). Plaintiff subsequently amended his Complaint (ECF No. 19) and filed a Response in Opposition to the Defendant's Motion to Dismiss (ECF No. 20). Defendant filed a Reply to Plaintiff's Response. (ECF No. 21). Before the court is the magistrate judge's Report and Recommendation ("Report") (ECF No. 35), recommending that the court grant Defendant Woodward's Motion to Dismiss (ECF No. 14). Plaintiff was advised of his right to file objections to the Report. (ECF No. 35-1). Plaintiff filed objections to the Report (ECF No. 37), and later supplemented those objections (ECF No. 39). On November 27, 2017, Plaintiff filed a Motion to Amend his Complaint, seeking leave to amend the Complaint only by withdrawing the

1

claim against Defendant in his official capacity. (ECF No. 40). On December 15, 2017, Plaintiff filed a Motion for Summary Judgment. (ECF No. 44).

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. BACKGROUND

Plaintiff alleges that on May 12, 2016, Defendant conducted a traffic stop on a car in which Plaintiff was a passenger. (ECF No. 20 at 1). Plaintiff contends that Defendant checked the licenses of both Plaintiff and the driver of the vehicle, Ricky Ponder. *Id.* Plaintiff alleges that although the license check showed no outstanding warrants regarding either Plaintiff or Ponder, Defendant asked Ponder to exit the vehicle so that he could conduct a pat-down search.[1] *Id.*

---

[1] Plaintiff attached a portion of Defendant's Incident Report to his Response in Opposition to the Motion to Dismiss and refers to this Incident Report in his arguments. (ECF No. 20-1 at 1). The Incident Report states that the traffic stop was initiated because Ponder failed to maintain his lane several times. *Id.* Defendant states in the Incident Report that he asked Ponder to step out of the car so that he could perform some field sobriety tests, which began with asking Ponder to recite the alphabet. *Id.* Defendant stated that he began a "pat-down search for weapons" once Ponder exited the vehicle. *Id.*

During this pat-down, Defendant discovered a pipe in Ponder's waistband and subsequently placed him under investigative detention. *Id.*

Plaintiff states that following this pat-down of Ponder, Defendant came to Plaintiff's side of the car and searched Plaintiff "without consent or search warrant." *Id.* Plaintiff contends that despite finding "no objects" on Plaintiff's person, Defendant told Plaintiff to sit on the guardrail. *Id.* Plaintiff alleges that Defendant then searched the vehicle and that Defendant attests that he "[found] drugs inside or around a[n] orange shirt." (ECF No. 20 at 1–2). Plaintiff further states that Defendant "alleged that [Plaintiff] was in possession of the orange shirt but [did] not exit [him] from driver's vehicle with a[n] orange shirt."[2] (ECF No. 20 at 2).

Plaintiff alleges that he did not claim ownership of any drugs or of the vehicle. (ECF No. 1 at 7). Furthermore, Plaintiff contends that Defendant targeted him by charging him with the drugs and not charging the driver of the car. *Id.* Plaintiff admits to having been indicted on three counts by a grand jury: (1) trafficking methamphetamine, first offense; (2) possession of a controlled substance, schedule IV, first offense; and (3) possession of a controlled substance, schedule II, first offense. (ECF No. 1 at 5). However, Plaintiff asserts that these charges were *nolle prossed* on March 14, 2017. (ECF No. 1 at 7).

Plaintiff is suing Defendant in his official and individual capacities. (ECF No. 19). He asserts claims for false arrest and unreasonable search and seizure. (ECF No. 1). Plaintiff seeks to recover punitive damages in the amount of $625,000, along with compensation for court costs and legal expenses incurred. (ECF No. 1 at 7).

## II. APPLICABLE LAW

---

[2] Specifically, the Incident Report states that "[Plaintiff] had an orange shirt across his lap each time [Defendant] approached the vehicle" and that a "clear plastic baggie containing a crystal like substance" fell out of the shirt when Defendant picked up the shirt. (ECF No. 20-1 at 1).

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support his claim and entitle him to relief. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). While "a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss . . ., factual allegations must be enough to raise a right to relief above the speculative level." *Coleman v. Md. Court of Appeals,* 626 F.3d 187, 190 (4th Cir. 2010) (citations omitted).

Therefore, a plaintiff's complaint only needs to include "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, when "evaluating a civil rights complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6)," the court must be "especially solicitous of the wrongs alleged." *Harrison v. U.S. Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988) (internal citations omitted). Furthermore, when the plaintiff proceeds pro se, the court is charged with liberally construing the factual allegations of the complaint in order to allow potentially meritorious claims to go forward. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Still, this requirement of liberal construction does not mean that this court may ignore a clear failure in the pleading to allege facts that set forth a cognizable claim for relief. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

The magistrate judge provided a thorough report addressing the sufficiency of Plaintiff's claims and recommended that this court grant the Defendant's Motion to Dismiss. (ECF No. 35). Plaintiff filed timely objections to this Report (ECF No. 37) and later supplemented those objections (ECF No. 39). Plaintiff's objections stated that the magistrate judge erred by stating the following: (1) that there was a warrant for Plaintiff's arrest; (2) that there was a search warrant for the car or for Plaintiff's person; (3) that Plaintiff had no credible evidence that the charges were *nolle prossed* because of Defendant's misrepresentations to the grand jury; (4) that the charges were not *nolle prossed*; and (5) that the Plaintiff was rightfully charged even though the drugs were found in the vehicle of Ricky Ponder and in his possession. (ECF No. 37). In his supplemented objections, Plaintiff further objects to the magistrate judge's determination that Defendant is entitled to Eleventh Amendment immunity and also challenges the reasonableness of the investigation during the traffic stop. (ECF No. 39).

**A. Defendant's search of Plaintiff was reasonable.**

As to Plaintiff's objections alleging that the magistrate judge erred in stating that there was a warrant for the search of Plaintiff and the car, this objection is without merit. Nowhere in the Report did the magistrate judge make such a statement. The magistrate judge did state that "[u]nder § 1983, 'a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant.'" (ECF No. 35 at 9) (citations omitted). However, this was simply a recitation of the applicable law pertaining to how false arrest claims might be handled in regards to 42 U.S.C. § 1983. Additionally, later on in the Report, the magistrate judge specifically stated that the Plaintiff alleged that there was no warrant to search him or the car. (ECF No. 35 at 11). However, the magistrate judge explained that the finding of the crack pipe gave Defendant reasonable suspicion that illegal drugs were in the vehicle. *Id.* Therefore, the

Defendant needed no warrant or consent to pat-down the occupants of the vehicle and search the car. *See United States v. Sakyi*, 160 F.3d 164, 167 (4th Cir. 1998) (holding that when an officer has reasonable suspicion that illegal drugs are in the vehicle, he can remove a passenger from a lawfully stopped car and perform a pat-down search on the passengers before searching the vehicle).

Plaintiff specifically objected to this analysis in his supplemented objections because Plaintiff alleges that there was "no further reason to detain or continue the investigation in th[e] traffic stop" after the license checks came back negative for warrants, the driver admitted that he had been texting and driving, and the Defendant "smelled no aroma of alcohol." (ECF No. 39 at 2). Plaintiff also contends that "nothing was in plain view to give [Defendant] probable cause to search" Plaintiff. (ECF No. 41 at 2).

Plaintiff attached a portion of Defendant Woodward's Incident Report to his Response to the Defendant's Motion to Dismiss. (ECF No. 20-1 at 1). In the Incident Report, it states that Defendant initiated the traffic stop because the driver was "unable to maintain his lane" three times. *Id.* The Incident Report states that Defendant asked the driver if he had been drinking and that the driver responded that he had not; the driver stated that the reason he was swerving was that he had been "texting with his phone and attempting to drive with his knee." *Id.* According to the Incident Report, at this time Defendant ran both the driver's and Plaintiff's licenses through the system to check for warrants, and both came back clear. *Id.* Defendant Woodward then asked the driver to step to the rear of the vehicle and asked the driver if he would recite the alphabet; the driver consented to this test. *Id.* At that time, Defendant initiated a pat-down search to ensure that the driver had no weapons on his person. *Id.* This is when Defendant located the small pipe that he knew to be commonly used for smoking methamphetamine. *Id.*

Throughout his pleadings, Plaintiff stated that his claims challenge "the illegality of the search of Shannon Lancaster['s] . . . person." (ECF No. 20 at 4). Plaintiff further clarified that he "[did] not attempt to assert a claim relating to the search of the car" but rather "assert[ed] a claim to any search [of] himself." *Id.* This court agrees with the magistrate judge that the Plaintiff has not challenged the traffic stop itself or the search of Ponder, and that even if the Plaintiff did assert these challenges, Plaintiff would be unsuccessful in those challenges. This court agrees with the magistrate judge that Plaintiff "may not rely upon the fruit of the poisonous tree doctrine in a § 1983 action."[3] (ECF No. 35 at 12 n.4).

Therefore, the real issue is whether or not it was improper for Defendant to search Plaintiff's person at the traffic stop. The Fourth Circuit Court of Appeals has held that if an officer has reasonable suspicion to believe that drugs are present in a vehicle, he may remove a passenger from a lawfully-stopped vehicle and perform a pat-down for weapons. *United States v. Sakyi*, 160 F.3d 164, 167 (4th Cir. 1998). Here, prior to asking Plaintiff to step out of the vehicle and conducting a pat-down of Plaintiff for weapons, Defendant found a clear pipe on the driver's person. (ECF No. 20-1). This gave Defendant reasonable suspicion to believe that drugs were present in the vehicle. *See Sakyi*, 160 F.3d at 167. Therefore, Defendant had the authority to remove Plaintiff from the car and perform a pat-down for weapons. Accordingly, Plaintiff has failed to allege facts sufficient to support a Fourth Amendment violation for the search of his person.

---

[3] This court finds *Townes v. City of New York*, 176 F.3d 138, 145 (2nd Cir. 1999), persuasive as to this issue. While the Fourth Circuit has not specifically held that the fruit of the poisonous tree doctrine is inapplicable to § 1983 claims, it has affirmed a district court opinion that has stated such. *See Ware v. James City Cnty., Virginia*, 652 F. Supp. 2d 693, 705 (E.D. Va. 2009), *aff'd sub. nom.*, *Ware v. James City Cnty., Virginia*, 380 Fed App'x 274 (4th Cir. 2010). Furthermore, courts within our district have found *Townes* to be persuasive as well. *See Johnson v. City of Greenville*, No. 6:13-cv-01652-JMC, 2015 WL 4508812, at *6 (D.S.C. July 24, 2015); *Vaughn v. Whitfield*, No. 8:12-cv-2405-RMG, 2013 WL 5144751, at *20 (D.S.C. Sept. 12, 2013); *Vaughn v. Davis*, No. 8:07-1173-TLW-BHH, 2008 WL 867761, at *4 (D.S.C. Jan. 31, 2008).

**B. Because Defendant had probable cause to arrest Plaintiff, no arrest warrant was necessary.**

As to Plaintiff's objection stating that the magistrate judge erred in claiming that there was a warrant for Plaintiff's arrest, this objection fails. Nowhere in the Report does the magistrate judge state that there was an arrest warrant. Furthermore, no warrant was required because Defendant had probable cause to arrest Plaintiff. It is well settled that "the Constitution permits an officer to arrest a suspect without a warrant if there is probable cause to believe that the suspect has committed or is committing an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979). The Supreme Court of the United States has repeatedly explained that probable cause in this context means "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id.* (internal citations omitted).

In this case, Plaintiff was indicted on September 30, 2016, for the three state drug charges that are related to the arrest of which he complains.[4] Plaintiff admits that he was indicted on these charges by a grand jury. (ECF No. 1 at 5). It is well-settled that "an indictment, 'fair on its face,' returned by a 'properly constituted grand jury,' conclusively determines the existence of probable cause." *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (quoting *Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975)). Plaintiff contends that the charges for which he was indicted were *nolle prossed* due to "no credible evidence" (ECF No. 37) and suggests that Defendant lied to the grand jury. (ECF No. 1 at 4). In essence, Plaintiff seems to allege that the indictment was not "fair on its face."

---

[4] *See* Spartanburg County Seventh Judicial Circuit Public Index, https://publicindex.sccourts.org/Spartanburg/PublicIndex/PISearch.aspx (enter Plaintiff's name, and 2016A210201688, 2016A4210201689, 2016A4210201690).

To succeed in showing that the indictment was not fair on its face, and that, therefore, there is no presumption of probable cause for his arrest, Plaintiff must show that Defendant either deliberately or "with a 'reckless disregard for the truth' made material false statements" to the grand jury. *See Miller v. Prince George's Cnty., Maryland*, 475 F.3d 621, 627 (4th Cir. 2007). Reckless disregard for the truth can be established through "evidence that an officer acted 'with a high degree of awareness of a statement's probable falsity.'" *Id.* (internal citation omitted). However, mere "'allegations of negligence or innocent mistake'" as to the statements made "will not provide a basis for a Constitutional violation." *Id.* (quoting *Franks v. Delaware*, 438 U.S. 154, 171 (1978)).

Here, it seems that Plaintiff's only proffered evidence for his allegation that Defendant lied to the grand jury is that Defendant told the grand jury that Plaintiff was in possession of the orange shirt. Specifically, Plaintiff states that "if [he] was in possession of a[n] orange shirt" then "Officer Woodward should [have] had [Plaintiff] exit the vehicle with this orange shirt." (ECF No. 1 at 5). Plaintiff does not show that Defendant deliberately lied to the grand jury or that Defendant acted with reckless disregard to its falsity. In fact, Plaintiff simply alleges that Defendant stated that Plaintiff had an orange shirt. Furthermore, Plaintiff does not actually deny having an orange shirt, but rather, states that "there is no evidence produced to show that Plaintiff was found with drugs or any other drug item in his possession." (ECF No. 20 at 3). Additionally, Plaintiff specifically states that he "does not deny that there were drugs in the car or that there was an orange shirt in the vehicle." *Id.* Plaintiff has not, however, established that the statement about the orange shirt was false; he has only asserted that Defendant has no proof that the statement was true.

Furthermore, for a false statement to violate the Constitution, it must be "material" which means that it must be "necessary to the [ ] finding of probable cause." *Miller*, 475 F.3d at 628 (internal citation omitted). Here, even if Plaintiff could show falsity regarding such statement, the statement was not material because even without that statement, there was probable cause to arrest Plaintiff for possession of drugs.

In South Carolina, in order for a person to be charged with possession of drugs, he must have had either constructive or actual possession of the drugs. *Goldsmith v. Witkowski*, 981 F.2d 697, 701 (4th Cir. 1992) (relying on S.C. Code Ann. § 44-53-370(a)(1)). Constructive possession means that the person "has knowledge of the presence of drugs and dominion and control or the right to exercise dominion and control, over the drugs." *Id.* This may be established by circumstantial evidence. *Id.* Furthermore, while presence near drugs alone is not enough, proof of dominion and control may be shown by "evidence that the accused controlled the premises where the drugs were found or that he had a special relationship with the owner or lessor of the premises." *Id.*

In *Maryland v. Pringle*, 540 U.S. 366, 372 (2003) the Supreme Court of the United States determined that an officer had probable cause to arrest one of the car passengers for possession of cocaine because it was "an entirely reasonable inference from the facts that any or all three of the occupants [of the vehicle] had knowledge of, and exercised control over, the cocaine" in the vehicle." The court reached this conclusion by looking at the totality of the circumstances: (1) there was a large sum of money in the glove compartment; (2) there were numerous plastic baggies containing cocaine that was accessible to all three men; (3) and all occupants failed to offer any information about the ownership of the cocaine. *Id.* The court stated that based on these facts, "a reasonable officer could conclude that there was probable cause to believe that the

passenger committed the crime of possession of cocaine, either solely or jointly." *Id.* Furthermore, the court noted that car passengers "will often be engaged in a common enterprise with the driver, and have the same interest in concealing the fruits of evidence of their wrongdoing." *Id.* at 373 (internal citation omitted). Because of the amount of drugs and cash in the car, the court considered it reasonable to believe that the driver and his passengers were involved in the common enterprise of drug dealing. *Id.*

Here, based on the totality of the circumstances, a reasonable officer could conclude that there was probable cause that Plaintiff committed a crime of possessing illegal drugs. Plaintiff contends that Defendant found a pipe on the driver of the car after a pat-down search. (ECF No. 1 at 4). Plaintiff further admits that Defendant found drugs in the vehicle. (ECF No. 20 at 3). In the search of the car, Defendant found a baggie containing a crystal substance, which was wrapped in an orange shirt and a small zip-lock baggie containing multiple pills on the passenger side floorboard. (ECF No. 20-1 at 1). Both of these baggies were found on the passenger-side of the car, which was separated from the driver's side by a center console. *Id.* Both Plaintiff and the driver of the car denied having any knowledge of the drugs. *Id.* During a field test, the crystal substance tested positive for methamphetamine, and the pills were identified as Schedule II and IV controlled substances. *Id.*

Based on these facts, this court believes that a reasonable officer could determine that there was probable cause to arrest Plaintiff for possession of illegal drugs without the allegation that the shirt belonged to Plaintiff. Like the passenger in *Pringle*, Plaintiff was found in a car containing numerous bags of illegal substances that were within his reach in the vehicle. (ECF No. 20-1). In fact, in this case, the illegal substances were found where Plaintiff was sitting, and a center console separated the area where Plaintiff was sitting from the driver. *Id.* Additionally,

like the driver and passenger in *Pringle*, both Plaintiff and the driver of the car denied having any knowledge of the illegal substances that were found in the vehicle. *Id.* Based on these facts, this court holds that a reasonable officer could have concluded that Plaintiff was engaged in criminal activity.

Additionally, Plaintiff states that because the charges resulting from this arrest were *nolle prossed* that this invalidates the probable cause for the arrest. However, "[t]he validity of [an] arrest does not depend on whether the suspect actually committed a crime, [and] the mere fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest." *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979). This is because the "kinds and degree of proof and the procedural requirements necessary for conviction are not prerequisites for a valid arrest." *Id.* Here, Plaintiff is correct that his charges were eventually *nolle prossed*. However, the fact that the charges against him were dropped does not negate the fact that the officer had probable cause to arrest Plaintiff. As stated above, Plaintiff has shown no proof that the charges were *nolle prossed* because Defendant lied to the grand jury or because the initial indictment was not fair on its face. Additionally, as discussed above, even if Defendant's statement about the orange shirt was false, there was still probable cause to arrest Plaintiff. The fact that the charges were eventually dropped for reasons unknown to this court and that Plaintiff has not been convicted on the charges for which he was arrested does not affect the legitimacy of the arrest itself.

**C. To the extent that Plaintiff has alleged claims against the Defendant in his official capacity, Defendant is entitled to immunity pursuant to the Eleventh Amendment.**

Plaintiff initially argued against the application of the Eleventh Amendment in this case in his Response to the Defendant's Motion to Dismiss. (ECF No. 20). He stated that Defendant is liable for damages because "municipalit[ies] may be liable for damages." *Id.* at 4. The magistrate

judge thoroughly addressed the issue of Eleventh Amendment immunity in her Report. (ECF No. 35 at 8). However, Plaintiff objected to the magistrate judge's analysis of Eleventh Amendment immunity in his supplemented objections, again arguing that a municipality is not immune from suit. (ECF No. 39). The court finds that Plaintiff has simply reiterated his earlier argument from his Response to the Motion to Dismiss (ECF No. 20) and that the magistrate judge has thoroughly addressed this issue. Furthermore, Defendant is not a municipality, but is a police officer working as an official of the state. It is well-established that "neither a state nor its officials acting in their official capacities are 'persons' under § 1983," and, therefore, they are immune from claims for damages amounting from their actions in their official capacities. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Therefore, to the extent that Plaintiff has alleged claims against Defendant in his official capacity, Defendant is entitled to immunity pursuant to the Eleventh Amendment.

### IV. CONCLUSION

After a thorough review of the Report and the entire record in this case in accordance with the standard set forth above, the court adopts the magistrate judge's Report (ECF No. 35) and incorporates it herein. Accordingly, Defendant's Motion to Dismiss (ECF No. 14) is **GRANTED.** Furthermore, because the deficiencies of the Complaint would not be cured by Plaintiff's proposed amendments and because this order is dispositive of the lawsuit as a whole, the Plaintiff's Motion to Amend Complaint (ECF No. 40) and Motion for Summary Judgment (ECF No. 44) are **DENIED AS MOOT.**

**IT IS SO ORDERED.**

s/ Timothy M. Cain<br>United States District Judge

February 26, 2018
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.